COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


BARBARA JEAN PERRY BROCK

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1353-10-3                              PER CURIAM
                                                       FEBRUARY 15, 2011
JERRY EARNEST BROCK


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

(Rachael A. Sanford; Clement & Wheatley, on brief), for appellant.
Appellant submitting on brief.

No brief for appellee.


Barbara Jean Perry Brock (wife) appeals an equitable distribution ruling from a final decree.

Wife argues that the trial court erred in classifying the Vanguard IRA as Jerry Earnest Brock's

(husband) separate property because the Vanguard IRA was acquired during the parties' marriage

and there was insufficient evidence of a written agreement between the parties to reclassify the

property as husband's separate property pursuant to Code § 20-155.  Upon reviewing the record

and wife's brief, we find no error, and affirm the decision of the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties were married on October 5, 1958, separated on January 20, 2009, and

divorced on May 28, 2010.  On April 2, 2001, wife signed a document titled, "Spouse's Consent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to Withdrawal from Account" (hereafter "Consent to Withdrawal"), which allowed husband to withdraw funds from his 401(K) plan. Husband and wife equally divided the funds. Husband placed his portion in the Vanguard IRA.

At trial, wife argued that the funds in the Vanguard IRA were marital property subject to equitable distribution. Husband asserted that the parties previously agreed to divide his retirement, and wife received her portion. Husband argued that the entire amount of the Vanguard IRA should be awarded to him.

The trial court agreed with husband and found the Vanguard IRA to be husband's separate property. This appeal followed.

ANALYSIS

Wife argues that the trial court erred by classifying the Vanguard IRA as husband's separate property. She contends the Vanguard IRA was acquired during the marriage and there was insufficient evidence to prove that the Consent to Withdrawal was an agreement between the parties to reclassify the property.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

"[P]roperty which is marital may become separate only through 'a valid, express agreement by the parties,' Wagner [v. Wagner], 4 Va. App. [397,] 404, 358 S.E.2d [407,] 410 [(1987)]; Code § 20-155 (marital provision of the Premarital Agreement Act), or as provided in Code § 20-107.3(A)(3)(d)." McDavid v. McDavid, 19 Va. App. 406, 411, 451 S.E.2d 713,

716-17 (1994). As in McDavid, the retirement funds in this case were marital property because they were acquired during the marriage. Therefore, "[t]he critical question . . . is whether the parties' subsequent actions resulted in its transmutation into husband's separate property." Id. at 411, 358 S.E.2d at 717.

When wife signed the Consent to Withdrawal form, the parties orally agreed to withdraw and divide the funds from husband's retirement. Husband's portion of the retirement funds became his separate property, which he placed in the Vanguard account. The parties' actions corroborate their agreement regarding the division of the retirement funds. Furthermore, wife's signature on the Consent to Withdrawal form supports husband's position that the parties agreed to divide the funds and that the funds were divided and became each party's separate property.

Contrary to wife's argument, there is no necessity for a written agreement signed by both parties because years prior to the equitable distribution hearing, the parties fulfilled the terms of their agreement. The execution itself is evidence of the agreement.

The trial court did not err in classifying the Vanguard account as husband's separate property.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.